UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCISCO SEVERO TORRES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FULLER HOSPITAL (PATIENT ) <br> DECISION BOARD), ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION <br> NO. 22-40049-TSH |

ORDER
June 8, 2022

**HILLMAN, D.J.**

*Pro* se plaintiff Francisco Severo Torres brings this action in which he alleges that, while he was a patient at Fuller Hospital in Attleboro, Massachusetts, facility staff refused to provide him with almond milk. Torres also filed a motion for leave to proceed *in forma pauperis*. For the reasons stated below, the Court will GRANT the motion and dismiss this action without prejudice.

**I. Motion for Leave to Proceed *in Forma Pauperis***

Upon review of Torres's motion for leave to proceed *in forma pauperis*, the Court concludes that he is unable to pay the filing fee. Accordingly, the motion is GRANTED.

**II. Review of the Complaint**

A summons has not issued pending the Court's preliminary review of Torres's complaint. Federal law authorizes a federal court to dismiss an *in forma pauperis* complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915(e)(2)(B).  In conducting this review, the Court liberally construes Torres's complaint because he is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### A. Torres's Factual Allegations and Legal Claims

According to the complaint, Torres was a patient at Fuller Hospital for approximately a month in 2021.  Torres represents that, because he has been a vegan since 2019, he does not drink cow milk.  Torres alleges that, while he was a patient at Fuller Hospital, he made a written request that he be provided almond milk instead of cow milk.  Torres alleges that the Patient Decision Board of Fuller Hospital denied the request, notwithstanding the fact that other patients had 24-hour access to milk.  Torres reports that he became sick from the lack of calcium in his diet.

Torres claims that Fuller Hospital's denial of almond milk "violated [his] 8th Amendment right preserved by the United States Constitution, as it was cruel and unusual punishment." Compl. at 5.  He also identifies the Eighth Amendment as the basis of the Court's federal question jurisdiction over this case.  *See id.* at 3.  In his civil cover sheet, Torres cites the Eighth Amendment as the basis of his claim.  *See* Dkt. No. 1-1.

### B. The Complaint Fails to State a Claim upon which Relief May Be Granted

Here, Torres has failed to state a claim upon which relief may be granted because the Eighth Amendment's prohibition of "cruel and unusual punishment" only concerns actions by the government.

The first ten amendments to the United States Constitution are referred to as the Bill of Rights.  When these amendments were ratified in 1791, they only applied to the federal government.  *See Timbs v. Indiana*, --U.S.--, 139 S. Ct. 682, 687 (2019).  With few exceptions, the United States Supreme Court has held that Fourteenth Amendment's Due Process Clause "incorporates the protections contained in the Bill of Rights, rendering them applicable to the

States," *id.*, including the Eighth Amendment's prohibition of cruel and unusual punishment, *see Robinson v. California*, 370 U.S. 660 (1962).

In other words, the Eighth Amendment's prohibition of cruel and unusual punishment has never applied to conduct that cannot be attributed to the government. Further, it applies only after a litigant has been found guilty of a crime. *See Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 9 (1st Cir. 2007).

Here, Torres alleges misconduct by staff of a private medical facility. Therefore, he cannot pursue a claim against Fuller Hospital for a violation of a constitutional right that prohibits certain conduct by the government.

    **C.    Dismissal of the Action**

Because Torres cannot assert a claim against Fuller Hospital for a violation of the Eighth Amendment, the Court will dismiss this action. The dismissal is without prejudice to Torres bringing other appropriate claims against Fuller Hospital on a different theory of liability.

**III.    Order**

In accordance with the foregoing, the Court hereby orders:

1.    The motion for leave to proceed *in forma pauperis* is GRANTED.

2.    This action is DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

**So Ordered.**

    /s/ Timothy S. Hillman
TIMOTHY S. HILLMAN
DISTRICT JUDGE